1
2
3
4
5
6
7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10  MYRNA HUBBARD,

11              Plaintiff,              No. CIV S-07-2586 LKK KJM PS

12       vs.

13  OPRAH WINFREY,

14              Defendant.              ORDER

15  _____/

16              Plaintiff is proceeding in this action pro se and in forma pauperis.  By order filed

17  December 18, 2007, plaintiff's complaint was dismissed with leave to amend within thirty days.

18  Plaintiff filed a letter on January 24, 2008, which the court will construe as an amended

19  complaint.  The letter offers information regarding plaintiff's financial situation but little else in

20  explaining the basis of plaintiff's claims.  Because plaintiff has already been granted leave to

21  proceed in forma pauperis, further information regarding her financial status is irrelevant.

22              The federal in forma pauperis statute authorizes federal courts to dismiss a

23  case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may

24  be granted, or seeks monetary relief from a defendant who is immune from such relief.  28

25  U.S.C. § 1915(e)(2).

26  /////

1   A claim is legally frivolous when it lacks an arguable basis either in law or in
2   fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
3   28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
4   indisputably meritless legal theory or where the factual contentions are clearly baseless.
5   Neitzke, 490 U.S. at 327.

6   A complaint, or portion thereof, should only be dismissed for failure to state a
7   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
8   of facts in support of the claim or claims that would entitle him to relief. Hishon v. King &
9   Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
10  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
11  complaint under this standard, the court must accept as true the allegations of the complaint in
12  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
13  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
14  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

15  Construing the January 24, 2008 filing as an amended complaint, the court finds
16  the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to
17  determine whether the current action is frivolous or fails to state a claim for relief. The court has
18  determined that the complaint does not contain a short and plain statement as required by Fed. R.
19  Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must
20  give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community
21  Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some
22  degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id.
23  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the
24  complaint must be dismissed. The court will, however, grant leave to file an amended
25  complaint.

26  If plaintiff chooses to amend the complaint, plaintiff must set forth the

jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

Plaintiff is advised that the Civil Rights Act provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.

1  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
2  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
3  original complaint, each claim and the involvement of each defendant must be sufficiently
4  alleged.
5          In accordance with the above, IT IS HEREBY ORDERED that:
6          1. The January 24, 2008 filing, construed as an amended complaint, is dismissed;
7  and
8          2. Plaintiff is granted thirty days from the date of service of this order to file a
9  second amended complaint that complies with the requirements of the Federal Rules of Civil
10 Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket
11 number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file
12 an original and two copies of the second amended complaint; failure to file a second amended
13 complaint in accordance with this order will result in a recommendation that this action be
14 dismissed.
15 DATED:  February 8, 2008.

                                  U.S. MAGISTRATE JUDGE

006
hubbard2.lta