1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MYRNA HUBBARD,

11            Plaintiff,              No. CIV S-07-2586 LKK KJM PS

12       vs.

13   OPRAH WINFREY,

14            Defendant.             ORDER

15   _____/

16           Plaintiff is proceeding in this action pro se and in forma pauperis.  Plaintiff has

17   filed a second amended complaint.

18           The federal in forma pauperis statute authorizes federal courts to dismiss a case if

19   the action is legally "frivolous or malicious," fails to state a claim upon which relief may be

20   granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

21   § 1915(e)(2).

22           As previously noted, a claim is legally frivolous when it lacks an arguable basis

23   either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745

24   F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous

25   where it is based on an indisputably meritless legal theory or where the factual contentions are

26   clearly baseless.  Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The second amended complaint suffers from the deficiencies noted in the prior complaints.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  It appears plaintiff is complaining that defendant refused to enter into a contract with plaintiff.  Defendant's conduct as a talk show host and real estate investor do not constitute state action sufficient to give rise to a claim under 42 U.S.C. § 1983.  Plaintiff has now filed three complaints in this action, all of which were woefully deficient in stating a claim.  The court will grant one final opportunity to file a further amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil Procedure 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

/////

/////

/////

/////

2

1    Plaintiff is advised that the Civil Rights Act provides as follows:

2    Every person who, under color of [state law] . . . subjects, or
3    causes to be subjected, any citizen of the United States . . . to the
     deprivation of any rights, privileges, or immunities secured by the
     Constitution . . . shall be liable to the party injured in an action at
4    law, suit in equity, or other proper proceeding for redress.

5    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

6    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

7    Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

8    (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

9    meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

10   omits to perform an act which he is legally required to do that causes the deprivation of which

11   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

12          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

13   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

14   amended complaint be complete in itself without reference to any prior pleading.  This is

15   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

16   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

17   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

18   original complaint, each claim and the involvement of each defendant must be sufficiently

19   alleged.

20          In accordance with the above, IT IS HEREBY ORDERED that:

21          1.  The second amended complaint is dismissed; and

22          2.  Plaintiff is granted thirty days from the date of service of this order to file a

23   third amended complaint that complies with the requirements of the Federal Rules of Civil

24   Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket

25   number assigned this case and must be labeled "Third Amended Complaint"; plaintiff must file

26   an original and two copies of the third amended complaint; failure to file a third amended

1  complaint in accordance with this order will result in a recommendation that this action be

2  dismissed.

3  DATED:  June 19, 2008.

4  _____

5  U.S. MAGISTRATE JUDGE

006
6  hubbard3.lta

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26